IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MARCUS K. POWELL,**

      **Plaintiff,**

v.                                                                                                                   Case 2:22-cv-02269-TLP-cgc

**FLASH STAFFING and**
**MEMPHIS FENCE COMPANY,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS TO FAILURE TO STATE A CLAIM**

Before the court is Defendants Flash Staffing and Memphis Fence Company's ("Defendants") Motions to Dismiss Plaintiff's Title VII claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entries ("D.E.") #17, #19). Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**I.  Background**

    *a.  Plaintiff's Complaint*

On April 4, 2022, Plaintiff Marcus K. Powell filed a *pro se* Complaint alleging employment termination and retaliation on the basis of gender/sex and sexual harassment in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff alleges that he began his employment with Flash Staffing in late December 2020 and that he was placed at different assignments during his employment tenure. (Complaint ("Compl") D.E. #1 at PageID 8). During his employment with Flash Staffing, Plaintiff alleges that he was sexually harassed on multiple occasions. (*Id.*) Plaintiff alleges that the first incident happened on February 25, 2021 when an employee of Flash Staffing was "constantly" talking about his personal sexual behavior and unzipped his pants to tuck in his shirt in front of Plaintiff. (*Id.*) Plaintiff alleges that he was not comfortable around the employee after these incidents and that he asked the employee on multiple occasions to stop talking about his sexual activities. (*Id.*) Plaintiff reported the incident to management that day. (*Id.*)

Plaintiff started working for Memphis Fence Company through Flash Staffing on February 26, 2021. (*Id.*) Plaintiff claims that, on March 5 2021, the welding manager made comments to him about Memphis Fence Company employees engaging in same-sex sexual activities. (*Id.*) Plaintiff claims he reported the incident to the welding manager, the owner of Memphis Fence Company, and the manager of Flash Staffing. (*Id.*) Plaintiff alleges that, in response to his complaints about these comments, the welding manager told him to "embrace the gay community" and same-sex sexual activities because Plaintiff "may have gay family members." (*Id.*).

Days later, Plaintiff was notified by Memphis Fence Company that his assignment had ended but that he had done a "great job." (*Id.*) When Plaintiff asked Flash Staffing for another assignment, they informed him that nothing was available. (*Id.*) Plaintiff believes this was untrue because he heard management telling another employee how to get to a job site. (*Id.*) Plaintiff believes he was terminated because he complained about being sexually harassed. (*Id.*)

2

### b. *Flash Staffing's Motion to Dismiss*

On March 20, 2023, Flash Staffing filed its Motion to Dismiss.  Flash Staffing argues that Plaintiff has failed to plead several elements of a prima facie case of employment discrimination or retaliation.  *See McDonell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

### c. *Memphis Fence Company's Motion to Dismiss*

On March 23, 2023, Memphis Fence Company filed its Motion to Dismiss.[1]  Memphis Fence Company argues that Plaintiff has failed to plead the elements of a prima facie case of employment discrimination or retaliation.  Memphis Fence Company further argues that, as to Plaintiff's claim of sexual harassment, he does not allege any severe or pervasive conduct that would rise to the level of a Title VII violation.

## II. Applicable Law

### a. *Rule 12(b)(6)*

Federal R. Civ. P. 12(b)(6) allows dismissal of a complaint that fails to state a claim upon which relief can be granted. As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. *Brown v. City of Memphis*, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006). When evaluating a motion to dismiss under

---

[1] As an initial issue, Memphis Fence Company argues that it is not Plaintiff's employer, and it has attached exhibits seeking to establish this fact.  However, as set forth below, Title VII makes it unlawful for either employers or employment agencies to discriminate or retaliate on the basis of sex.  Additionally, for the reasons set forth below, it is RECOMMENDED that Defendants Motions to Dismiss should be granted on other bases.

3

Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain either direct or inferential allegations respecting all of the material elements necessary to sustain recovery under some viable legal theory. *Id*. at 562. The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, a complaint need not provide detailed factual allegations in order to survive dismissal. *Id*.

      b.   *Title VII*

With respect to discrimination, it is unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. It is also unlawful for an employment agency to "fail or refuse to refer for employment, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(b). Sexual harassment may rise to the level of employment discrimination if it is so severe or pervasive as to alter the conditions of the individual's employment and create an abusive working environment. *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998)).

With respect to retaliation, it is unlawful for either an employer to discriminate against an employee or employment applicant or for an employment agency to discriminate against an individual because he has opposed an unlawful employment practice or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a).

Title VII discrimination and retaliation claims may ultimately be proven by either direct evidence or by circumstantial evidence under the *McDonell-Douglas* burden-shifting framework. However, at the motion to dismiss stage, a plaintiff is not required to plead the elements of the *McDonnell-Douglas* prima facie case for two reasons: first, as the claim may ultimately be proven by direct evidence, the *McDonnell-Douglas* framework may be inapplicable; and, second, even if the plaintiff does ultimately seek to prove his case by circumstantial evidence, the *McDonnell-Douglas* framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). Instead, the plaintiff must only comply with the notice requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *Id*. at 514.

As to Plaintiff's discrimination and retaliation claims, Plaintiff has failed to allege that any comments were made or that any actions were taken on the basis of *his* sex as required to pursue a Title VII claim. Instead, Plaintiff found general comments of a sexual nature and an employee's manner of tucking in his shirt to be objectionable. Title VII, however, was not designed to "purge the workplace of vulgarity," *Black v. Zarin Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997) (citing *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995)), or to be a "general civility code." *Faragher*, 524 U.S. at 788. Thus, it is RECOMMENDED that Plaintiff's discrimination and retaliation claims fail to state claims upon which relief may be granted.

Likewise, as to Plaintiff's sexual harassment claim, while "sex-based comments need not be directed at a plaintiff" in order to constitute sexual harassment, *Faragher*, 524 U.S. at 788, the fact that none of them were directed against the plaintiff combined with the fact that he alleges that they occurred on only two days is insufficient to plead that he suffered from conduct that was so severe and pervasive to constitute an abusive working environment. *Id*. at 2283; *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Offhand comments and isolated incidents do not suffice. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009); *see also Breeden v. Frank Brunckhorst Co., LLC*, No. 2:19cv5515, 2020 WL 1929344, at *4 (S.D. Ohio 2020) (citing cases where the plaintiff failed to plead that the conduct was sufficiently severe and pervasive to survive a motion to dismiss). Thus, it is RECOMMENDED that Plaintiff's sexual harassment claim fails to state a claim upon which relief may be granted.

### III. Conclusion

Accordingly, for the reasons set forth herein, it is RECOMMENDED that Plaintiff's Title VII claims for employment discrimination, sexual harassment, and retaliation fail as a matter of law. Therefore, it is RECOMMENDED that Flash Staffing and Memphis Fence Company's Motions to Dismiss be GRANTED.

**SIGNED** this 8th day of December, 2023.

                                                 s/ Charmiane G. Claxton
                                                 CHARMIANE G. CLAXTON
                                                 UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**