IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS K. POWELL,        ) | |
|                          ) | |
|   Plaintiff,             ) | |
|                          ) | No. 2:22-cv-02269-TLP-cgc |
| v.                       ) | |
|                          ) | JURY DEMAND |
| FLASH STAFFING and MEMPHIS FENCE ) | |
| COMPANY,                 ) | |
|                          ) | |
|   Defendants.            ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued Defendants Flash Staffing and Memphis Fence Company for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (ECF No. 1.) Plaintiff asserts claims for discrimination on the basis of sex, sexual harassment and retaliation. (*Id.* at PageID 5–7.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters.

Defendants moved to dismiss for failure to state a claim for which relief may be granted (ECF Nos. 17, 19) and Plaintiff responded in opposition. (ECF Nos. 20–21.) Judge Claxton entered a Report and Recommendation ("R&R") recommending that the Court grant both Defendants' motions to dismiss. (ECF No. 24.) For the reasons below, the Court **ADOPTS** the R&R and **GRANTS** Defendants' motions to dismiss.

**BACKGROUND AND THE R&R**

In April 2022, Plaintiff sued Defendants for sex discrimination and maintaining a hostile work environment. (ECF No. 1.) Defendants moved to dismiss for failure to state a claim

1

because Plaintiff did not plead facts to support three elements of a Title VII claim.  (ECF Nos. 20–21.)  Plaintiff responded in opposition, arguing that he experienced harassment and retaliation because of his sex.  (ECF No. 20 at PageID 86–87, ECF No. 21 at PageID 89–90.)

Defendant Flash Staffing provides temporary employees to third-party job sites.  (ECF No. 17-1 at PageID 53.)  It hired Plaintiff in December 2020.  (ECF No. 24 at PageID 102.)  On February 25, 2021, Plaintiff claimed that a Flash Staffing employee "constantly talked to me about sex in his personal life."  (ECF No. 1 at PageID 8.)  And the employee then unbuttoned his pants to tuck in his shirt.  (*Id.*)

In late February 2021, Flash Staffing assigned Plaintiff to work for Defendant, Memphis Fence Company.  (ECF No. 24 at PageID 102.)  Plaintiff claims that at times, and specifically on March 6, 2021, a welding manager at Memphis Fence Company made comments about homosexual conduct.  (ECF No. 1 at PageID 8.)  When Plaintiff responded that he felt uncomfortable, the manager told him that he should "embrace the gay community and the things that they do."  (*Id.*)  A few days later, Memphis fence company told Plaintiff: "[y]our assignment has ended today. But great job."  (ECF No. 19-1 at PageID 65.)  Plaintiff then asked Flash Staffing for another assignment, but it did not have anything available.  (ECF No. 17-1 at PageID 53.)

After recounting the factual background above, Judge Claxton explained the standard for proving a Title VII claim, specifically claims of discrimination, harassment, and retaliation. (ECF No. 24 at PageID 104–05.)  Then, she evaluated the evidence that Plaintiff presented.  (*Id.* at PageID 105–06.)  Based on the evidence and the legal standard, Judge Claxton recommended that this Court grant both Defendants' motions to dismiss based on Plaintiff's failure to state a

claim. (*Id.* at PageID 106.) Neither party here objected to the R&R. In the end, this Court agrees with Judge Claxton's reasoning and her recommendation.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a complaint based on a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). But this standard requires more than bare assertions of legal conclusions because "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory

3

committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Judge Claxton entered her R&R in December 2023 and neither party objected.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here and finding no clear error, the Court agrees with Judge Claxton's R&R because Plaintiff fails to allege a violation under Title VII.

Title VII forbids employers from discriminating against an employee based on their inclusion in a protected class.  42 U.S.C. § 2000e–2(a).  The Supreme Court set the evidentiary standard for proving Title VII claims in *McDonnell Douglas v. Green*, 411 U.S. 792, (1973).  But, at the motion to dismiss stage, a plaintiff need not follow this standard.  *See Keys v. Humana, Inc.*, 684 F.3d 605, 608–09 (6th Cir. 2012) (explaining that "application of the *McDonnell Douglas* standard at the motion to dismiss stage differs from the federal rules' pleading requirements).  Instead, a court evaluates Title VII claims at the motion to dismiss stage under Rule 12(b)(6)'s plausibility pleading standard.  *Ogbonna-McGruder v. Austin Peay State Univ.,* 91 F.4th 833, 842 (6th Cir. 2024) (citing *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728–29 (6th Cir. 1999)).

I.      **Plaintiff Fails to Plead Plausible Facts Establishing Sex Discrimination**

Judge Claxton correctly found that Plaintiff did not plead facts showing discrimination based on his sex.  (ECF No. 24 at PageID 105.)  The elements of a sex discrimination claim are: 1) membership in a protected class, 2) an adverse employment action, 3) a qualified employee, and 4) that employee's replacement by someone not in his protected class or disparate treatment from similarly situated employees that are not in his protected class.  *Tennial v. United Parcel*

4

*Serv., Inc.,* 840 F. 3d 292, 303 (6th Cir. 2016). And even though Plaintiff need not satisfy every element at the pleading stage, his claim must contain factual allegations that could support such claim. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (explaining how factual allegations must be definite enough to "raise a right to relief above the speculative level").

In his Complaint, Plaintiff alleged no facts about his qualifications, if someone else replaced him, or if other employees also experienced harassment. (*See* ECF No. 1) And Defendants responded that they never fired Plaintiff and thus he did not experience an adverse employment action. For example, Memphis Fence Company told Plaintiff that his temporary assignment ended and that he did a "great job." (ECF No. 1 at PageID 8.) Flash Staffing, the temporary employment agency, then told Plaintiff that there were no available opportunities, but it did not tell him that he was fired or that he could not work in the future. (ECF No. 17-1 at PageID 53.) For all these reasons, Plaintiff's sex discrimination claim cannot survive the Rule 12 pleading stage, and it fails as a matter of law.

**II.     Plaintiff Fails to Plead a Retaliatory Hostile Work Environment Claim**

Plaintiff next alleges that he worked in a hostile environment and, after he complained, Defendants retaliated by not re-hiring him. The standard for evaluating hostile work environment claims has both an objective and a subjective component. *Newman v. Federal Express Corp.,* 266 F.3d 401, 405 (6th Cir. 2001). There is no Title VII violation if the conduct at issue "is not severe or pervasive enough to create an objectively hostile work environment— an environment that a reasonable person would find hostile or abusive." *Trotter v. Cargill, Inc*. 99 F. Supp. 2d 1043, 1054 (W.D. Tenn. 2010) *(quoting Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). The Supreme Court has also provided a non-exhaustive list of factors for evaluating

whether the work environment is hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 23 (1993).

This means that proving a hostile work environment claim is a high bar: this Circuit and the Supreme Court maintain that Title VII actions should be reserved for discriminatory conduct—Title VII is not "a general civility code." *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 464 (6th Cir. 2000) (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998)). Offhand comments and isolated incidents are not enough. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009); *see also Breeden v. Frank Brunckhorst Co., LLC*, No. 2:19cv5515, 2020 WL 1929344, at *4 (S.D. Ohio 2020) (citing cases in which the plaintiff failed to plead severe and pervasive conduct at the motion to dismiss stage).

Even viewing all the factual allegations in the light most favorable to Plaintiff, he has failed to state a claim for a hostile work environment. A coworker discussing his sex life and tucking in his shirt one day, and another discussing homosexual conduct, is neither pervasive nor threatening. While Plaintiff may have, subjectively, felt uncomfortable, the Court finds that an objective person would not describe these conversations as "hostile" or "abusive." *Trotter* 699 F. Supp at 1054. Plaintiff alleges no facts that he was physically touched, threatened, or blackmailed to engage in sexual acts, or that he even saw videos or photographs of the conduct his coworker described. (*See* ECF No. 1.) As stated, Title VII is not a civility code to punish overbearing coworkers. *See Faragher* 524 U.S. at 788. Plaintiff's Complaint does not allege facts that support a hostile work environment claim.

Next, to show retaliation under Title VII, a party must show: 1) activity protected by Title VII; 2) employer this activity was known to the defendant employer 3) the employer acted adverse to the party, or the party faced severe or pervasive retaliatory harassment; and 4) a connection between the activity and the employer's actions. *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000). To show a causal connection, "a plaintiff must produce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not ... engaged in protected activity. *Terry v. Memphis Hous. Auth.,* 422 F. Supp. 2d 917, 923 (W.D. Tenn. 2006)

Plaintiff has not pleaded facts to support a viable retaliation claim. Title VII prohibits retaliation against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" in connection with an allegedly unlawful employment practice." 42 U.S.C. § 2000e–3(a). *See Burlington N. and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67 (2006)). Plaintiff makes no claim that he filed a formal complaint or charge against either Defendant, as required in the first element. But, even if the Court found that he did, there is no evidence that Defendants knew of Plaintiff's grievances.

Finally, even if the Court found that Plaintiff communicated his complaints to Defendants, there is no evidence of adverse activity or retaliatory harassment. As discussed above, Defendant Memphis Fence Company told Plaintiff that his temporary assignment ended, and Defendant Flash Staffing simply told Plaintiff that it had no available assignments. (ECF No. 1 at PageID 8 and ECF No. 17-1 at PageID 53.) This is not retaliatory conduct under Title VII and cannot support such claim. *See Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 996 (6th Cir. 2009).

## **CONCLUSION**

The Court evaluates Judge Claxton's R&R for clear error and finds none. And so the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motions to Dismiss.

**SO ORDERED**, this 14th day of March, 2024.

                                                s/Thomas L. Parker  
                                                THOMAS L. PARKER  
                                                UNITED STATES DISTRICT JUDGE